UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHERYL TAYLOR,**

        Plaintiff,

**vs.**                              CASE NO. _____

**COMMERCIAL RECOVERY
SYSTEMS, INC. (a Texas foreign
corporation),**

        Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1.  Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).  *See* Mims v. Aarow Financial Services, LLC, No. 10-1195, 2012 U.S. LEXIS 906, 2012 WL 125429 (Jan. 18, 2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls and mailed letters into this District.

## PARTIES

3. Plaintiff, Cheryl Taylor is a natural person and a citizen of the State of Florida, residing in Polk County in the Middle District of Florida.

4. Defendant, Commercial Recovery Systems, Inc. is a foreign business corporation organized and existing under the laws of the Texas with its principal place of business and corporate offices in Dallas, Texas.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA and FCCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10. On or before March 27, 2012, Defendant began contacting Plaintiff in an attempt to collect the alleged debt.

11. Between March 27, 2012 and May 9, 2012, Defendant placed no less than ten (10) calls to Plaintiff's cellular telephone number 863-662-8328.

12. On several occasions between March 27, 2012 and May 9, 2012, Defendant threatened to sue Plaintiff if Plaintiff did not pay as demanded.

13. On several occasions between March 27, 2012 and May 9, 2012, Plaintiff informed Defendant that she disputed the alleged debt.

14. On April 6, 2012 at approximately 10:15 AM, Defendant placed a telephone call to Plaintiff. Hereinafter referred to as "the April 6, 2012 telephone call."

15. During the April 6, 2012 telephone call, Plaintiff again disputed the alleged debt.

16. During the April 6, 2012 telephone call, Defendant threatened to contact Plaintiff's employer if Plaintiff did not pay the alleged debt.

17. Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

> May 9, 2012 at 1:58 PM – Pre-recorded Message
> Please have Cheryl Taylor call us back at 800-214-5365 regarding account number 3447898. Once again, this is an important call for Cheryl Taylor. Please have Cheryl Taylor call us back at 800-214-5365 regarding account number 3447898.
>
> May 11, 2012 at 4:27 PM
> Yes this message is for Cheryl Taylor. Miss Taylor this is Mr. Hale. I was contacting you regarding your Santander account. I need you to contact me immediately now. These people are ready to go ahead and file this with the courts and have, uh, they're gonna put, uh, have this affecting your property and your assets. I would strongly suggest you return my call 800-214-5365. The case number is 3447898.
>
> May 15, 2012 at 2:57 PM – Pre-recorded Message
> Taylor. Call us back at 800-214-5365 regarding account number 3447898. Once again this is an important call for Cheryl Taylor. Please have Cheryl Taylor call us back at 800-214-5365 regarding account number 3447898.
>
> May 16, 2012 at 12:41 PM
> Yeah, this message is for Cheryl Taylor, you just called then [incomprehensive] hung up the phone, I left you a message previously ma'am, this is in regards to your Santander account. Yourself and a…Alvin Davis on that Suzuki Forenza, by you being the co-signer on this

ma'am, by looking at your credit report, you own your property. I'm gonna go ahead and forward this information back to my client, and a…they're gonna have to put a lien on your property to get this matter resolved, ma'am we'll go ahead and go that route. You have until 5:00 to return-actually, you can return my call right away; you just called me. Give me a call, let me know where you stand. 800-214-5365, or if you do have an attorney retained today – right now, have your attorney contact my office. Other than that ma'am I will go ahead and have them request that my client go ahead and move forward. Good day.

18. The Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

19. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). See Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal.2005) (same).

20. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

21. As of the date of this Complaint, Defendant has not obtained final judgment against Plaintiff.

22. As of the date of this Complaint, Defendant has not sued Plaintiff.

23. Upon information and belief, Defendant never intended to sue Plaintiff.

24. As of the date of this Complaint, Defendant has not put a lien on Plaintiff's property.

25. Upon information and belief, Defendant never intended to put a lien on Plaintiff's property.

26. The only property owned by Plaintiff is homestead property.

27. Plaintiff never gave Defendant written permission to contact her employer.

28. Plaintiff never acknowledged the existence of the alleged debt in writing.

29. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of this Complaint.

30. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

31. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

32. Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

33. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and purpose in the telephone messages in violation of 15 U.S.C §1692d(6).  See Valencia v The Affiliated Group, Inc., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593

(N.D.Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
### THREAT TO TAKE ACTION THAT CANNOT LEGALLY BE TAKEN IN VIOLATION OF 15 U.S.C. § 1692e(5)

34. Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

35. Defendant threatened to take an action it could not legally take in violation of 15 U.S.C. §1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
### THREAT TO TAKE ACTION NOT INTENDED TO BE TAKEN IN VIOLATION OF 15 U.S.C. § 1692e(5)

36. Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

37.	Defendant threatened to take an action it did not intend to take in violation of 15 U.S.C. §1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT IV
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
### IN VIOLATION OF 15 U.S.C. § 1692e(11)

38.	Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

39.	Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## THREAT TO DISCLOSE DEBT TO ANOTHER
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

40. Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

41. Defendant told Plaintiff that Defendant was going to disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed in violation of Fla. Stat. § 559.72(3).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VI
## THREAT TO COMMUNICATE WITH EMPLOYER
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(4)

42. Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

43. Defendant threatened to communicate with Plaintiff's employer prior to obtaining final judgment against Plaintiff in violation of Fla. Stat. § 559.72(4).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VII
### HARASSMENT OR ABUSE
### IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

44. Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

45. Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VIII
### AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

46. Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

47. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. A declaration that Defendant's debt collection practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ James S. Giardina
[ x ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*